Salvatore CAPOZZI, Plaintiff–Appellant,

v.

THE GALE GROUP, INC., and the Thomson Corporation Defendants–Appellees.

No. 03–7088.

United States Court of Appeals, Second Circuit.

Nov. 13, 2003.

Francis D. Burke, Mangines & Burke, LLC, Bridgeport, CT, for Appellant.

Elizabeth S. Torkelsen, Epstein Becker & Green, P.C., Stamford, CT, for Appellees.

PRESENT: LEVAL, SACK, and

**152**

KORMAN.*

### SUMMARY ORDER

Salvatore Capozzi appeals from the order of the United States District Court for the District of Connecticut (Eginton, *J.*), granting defendants' motion for summary judgment and dismissing plaintiff's claims. The complaint included claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a–60, a claim that defendants discharged him in order to defeat his pension benefits, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, and claims seeking enforcement of oral promises of certain pension benefits on theories of contract and promissory estoppel.

We agree with the district court that Capozzi has produced insufficient evidence to support a reasonable finding that his termination was motivated either by age discrimination or by an intent to prevent him from obtaining pension benefits.

Capozzi's claims based on contract and promissory estoppel also fail. An ERISA pension plan may not be modified by informal oral communications "absent a showing tantamount to proof of fraud." *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 491–92 (2d Cir.1988). Capozzi has made no such showing. Nor can Capozzi succeed on a theory of promissory estoppel because he has not produced evidence of 'extraordinary circumstances' required to apply principles of estoppel to an employment contract in an ERISA case. *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 85–86 (2d Cir.2001). Even assum-

ing that an employer's promise of benefits to induce a plaintiff to resign a position with a previous employer would satisfy the 'extraordinary circumstances' requirement, Capozzi made no showing that the promised benefits caused him to change positions; indeed, he could not recall whether the promise was made before or after he verbally accepted defendant's offer of employment.